United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NKRUMAH LUMUMBA VALIER, § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-01696 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
| *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Nkrumah Valier, a Texas state inmate, submitted a handwritten document in which he asks the Court for permission to file a successive habeas application, to excuse his procedural default, and to overturn his aggravated sexual assault conviction. Dkt. 1. The filing was referred to this magistrate judge for report and recommendation. Dkt. 3. In the filing, Valier solely argues that trial counsel was ineffective for failing to discover that the State's evidence presented at trial was obtained in violation of his constitutional rights. Valier is clearly challenging the validity of a state court judgment of conviction; therefore, the Court construes the filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, the Court recommends that it be dismissed for lack of jurisdiction as an unauthorized successive petition.

Valier is currently serving a 40-year sentence for aggravated sexual assault pursuant to a state court judgment issued by the 183rd District Court of Harris County on November 19, 2008. The conviction was affirmed on direct appeal. *See Valier v. State*, No. 01-08-00975-CR, 2011 WL 5428861 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, pet. ref'd).

In November 2013, Valier filed his first federal habeas petition, which was denied with prejudice in June 2014. *See Valier v. Stephens*, No. H-13-3257 (S.D. Tex. May 29, 2014) (Smith,

J.) (memorandum and recommendation adopted June 29, 2014). The Fifth Circuit denied Valier's motion for a certificate of appealability. *See Valier v. Stephens*, No. 14-20460 (5th Cir. Apr. 9, 2015). Since that time, Valier has filed two additional federal habeas petitions in this district, both of which have been dismissed for lack of jurisdiction. *See Valier v. Stephens*, No. H-15-2388 (S.D. Tex. Aug. 24, 2015); *Valier v. Davis*, No. H-16-1584 (S.D. Tex. June 10, 2016).

Under 28 U.S.C. § 2244(b)(3)(A), before a district court can consider a successive habeas application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, absent Fifth Circuit authorization, this Court has no jurisdiction to consider Valier's petition. There is no indication that the Fifth Circuit has provided such authorization here.

For this reason, the Court recommends that Valier's petition be dismissed for lack of jurisdiction. The Court further recommends that a certificate of appealability not issue.

Valier has 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on June 30, 2016.

Stephen Wm Smith
United States Magistrate Judge